UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT MARRERO,

                      Plaintiff,             Civil Action No.

                                                 10cv4471

    -against-

CITY OF NEW YORK and JOHN J.            COMPLAINT
DOHERTY, COMMISSIONER, NYC             TRIAL DEMANDED
DEPARTMENT OF SANITATION;
                      Defendants.
------------------------------------------------------------X

<u>Count One</u>

1.    Plaintiff, VINCENT MARRERO, by his attorney PAUL LIEBER, Esq. and ANDREW J. SCHATKIN, Esq., of counsel, complains of defendants, CITY OF NEW YORK and COMMISSIONER, NYC DEPARTMENT OF SANITATION, JOHN J. DOHERTY that they violated certain civil rights guaranteed to the plaintiff through the purposeful illegal, unconstitutional, unlawful actions taken against him, and the ultimate termination of plaintiff's employment, all by reason of his disability. Defendant, the City of New York and Commissioner, NYC Department of Sanitation, John J. Doherty are liable because of their policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of illegal and unfair treatment and discrimination directed against the plaintiff due to his Disability, subjecting him to termination, illegally base on his disability. That the defendants City of New York and Commissioner, NYC Department of Sanitation, John J. Doherty knew and ratified this pattern of illegal, unconstitutional and unlawful harassment, or should have known of it.

## JURISDICTION

2. This action is brought pursuant to Title 42 U.S.C. Secs. 1981, 1983, and 1985; 42 U.S.C. Secs. 12101, 12102, and 12111, and well as Sec. 296 of the New York State Executive Law. This court's jurisdiction is invoked pursuant to these Sections and the pendent jurisdiction of the court is invoked pursuant to 28 U.S.C. Sec. 1367.

## PARTIES

3. The plaintiff was at all times relevant a citizen of the United States and a resident of Bronx County, State of New York.

4. The City of New York is a municipal corporation duly incorporated in the State of New York and New York County, New York.

5. Commissioner John J. Doherty at all times relevant was an official at the Department of Sanitation, with his office and headquarters at Room 720 at 125 Worth Street, New York, New York.

## FACTS AND BACKGROUND

6. The plaintiff, Vincent Marrero, at all times relevant in this case, was a Supervisor with the Department of Sanitation of the City of New York. His record was unblemished and most excellent.

7. On November 23, 2007, Mr. Marrero was assigned to work the 0000-0800 shift at Manhattan #11. At 1:30 a.m., Supervisor Marrero, the plaintiff in this action, was involved in a car accident, and was initially taken to North General Hospital. His complaint was neck and back pain and the diagnosis, in part, was cervical/lumbar strain. The medical report was dated November 23,

2007 by the attending physician and it was checked off that Mr. Marrero required further treatment and could not report to the DS Clinic at this time. It was stated that Mr. Marrero was physically unable to undergo a substance abuse test at that time and that Mr. Marrero could travel to the DS Clinic on November 24, 2007. Thereafter, Mr. Marrero was taken to Mt. Sinai Hospital, where he was treated and released. Upon his release from the Mt. Sinai at 10:30 a.m., Mr. Marrero was improperly and essentially unlawfully ordered to the Department of Sanitation clinic for a substance abuse test, despite the fact that the injury/illness medical report of the Department of Sanitation, with respect to his treatment at North General Hospital, who treated him initially, stated that he could not report to the clinic at that time, because of his injury. Supervisor Marrero refused to be tested, and in fact, he had every right to do so, due to the report at North General Hospital and his injury which followed the accident. Supervisor Marrero refused to be tested and was suspended. Moreover, another factor was that supervisor Marrero wished to consult his personal physician about the injury. As has been stated, the diagnosis, as a result of the accident, was a strain of the cervical lumbar spine, with a dislocation.

8. As a result of this refusal, Mr. Marrero on January 23, 2008, entered into a stipulated plea, which resulted in a last chance agreement, mandating a 13-day suspension; demotion from the title of Supervisor to the title of Sanitation Worker, follow-up and random testing for substance abuse, as long as Mr. Marrero remained an active duty employee of the Department of Sanitation

and an acknowledgement by Mr. Marrero that upon a subsequent positive drug test or a subsequent positive Breathalyzer of any level, or a refusal to test, including not providing a urine sample within a 3-hour period, the Department Advocate, at her sole discretion, could submit Mr. Marrero's resignation. Mr. Marrero agreed in this last chance agreement to waive any hearing for the purpose of contesting his agreement and that the agreement would stay in effect for the duration of his employment with the Department of Sanitation.

9. On Thursday, November 13, 2008, Mr. Marrero received disturbing news concerning his father, and that his health had started to decline in a serious way. He went out for the evening, was in bed by 12:30 a.m., and then, when he went to work, as usual, he was told that he had to go downtown for follow-up drug and alcohol testing. The plaintiff blew positive on his breathalyzer test, and the reason for this was because the alcohol from the night before was still in his system, and because the last time he ate any food was 5:00p.m. the day before, and he did not have any breakfast that morning. The alcohol sat in his stomach, and took longer to dissipate. As a result, Mr. Marrero was suspended immediately.

10. In addition, he tested positive for cocaine, and the reason for this was that his brother gave him a couple of "hits" to wake him up, because he was in no condition to drive. This was the reason for the presence for cocaine in his system. This suspension emanated from the original accident in which Mr. Marrero was compelled to undergo random testing for cocaine and alcohol,

4

and from his refusal at that time. This refusal was for health reasons based on the car accident in which he was injured at that time and based on his desire to see his personal physician as well as the order of North General Hospital not to proceed to the Department of Sanitation Clinic for substance abuse testing. Hence, Mr. Marrero was discriminated against, and his Civil Rights were violated under the aforementioned statutes 42 U.S.C. Secs. 1981, 1983, and 1985, as well as 42 U.S.C. Secs. 12101, 12102, and 12111. Mr. Marrero's rights have been violated, since he was placed on random testing, because of an accident in which he was injured, and so refused at that time. His refusal was valid and authentic, and his present suspension emanating from that original refusal was and is a violation of his Civil Rights, not only under the aforementioned Federal Statutes, but under Section 296 of the New York Executive Law, which prohibits discrimination based on a disability.

FIRST CLAIM AGAINST ALL DEFENDANTS UNDER 42 U.S.C. SECTION 1981

11. Paragraphs 1-10 are incorporated herein by reference.

12. Plaintiff, Vincent Marrero's Civil Rights were violated under 42 U.S.C. Section 1981.

SECOND CLAIM AGAINST ALL DEFENDANTS UNDER 42 U.S.C. SECTION 1983

13. Paragraphs 1-12 are incorporated herein by reference.

14. Plaintiff, Vincent Marrero's Civil Rights were violated under 42 U.S.C. Section 1983.

## THIRD CLAIM AGAINST ALL DEFENDANTS UNDER 42 U.S.C. SECTION 1985

15. Paragraphs 1-14 are incorporated herein by reference.

16. Plaintiff, Vincent Marrero's Civil Rights was violated under 42 U.S.C. Section 1985.

## FOURTH CLAIM AGAINST ALL DEFENDANTS UNDER THE AMERICANS WITH DISABILITIES ACT

17. Paragraphs 1-16 are incorporated herein by reference.

18. Plaintiff, Vincent Marrero's Civil Rights were violated by reason of discrimination by the City of New York; the New York City Department of Sanitation; and Commissioner John Doherty by reason of his disability resulting from his accident, and refusal.

## FIFTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO THE NEW YORK STATE EXECUTIVE LAW SECTION 296

19. Paragraphs 1-18 are incorporated herein by reference.

20. Plaintiff, Vincent Marrero, had his Civil Rights violated by reason of discrimination based on his disability pursuant to Section 296 of the New York State Executive Law.

## SIXTH CLAIM AGAINST ALL DEFENDANTS BASED ON THE INTENTIONAL INFLICTION OF MENTAL DISTRESS

21. Paragraphs 1-20 are incorporated here by reference.

22. Plaintiff did and continues to suffer as a result of all defendants' actions severe emotional distress by reason of the extreme and outrageous actions and conduct of

the defendants including depression, sleeplessness, and anxiety all to him great emotional detriment and harm.

WHEREFORE, plaintiff, Vincent Marrero, requests that this Court:

(a) Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000

(b) Award punitive damages against the defendants jointly and severally in the amount of $4,000,000

(c) Award cost of action, including attorney's fees, to plaintiff, and

(d) Award such other and further relief as this Court may deem appropriate.

(e) Award full back pay, including vacation and personal days.

(f) Award the plaintiff reinstatement to his former position.

A jury trial is demanded.

Dated: Jericho, NY
       June 1, 2010

> Paul Lieber, Esq.
> 111 Worth Street
> New York, NY 10007
> (212) 577-0020
>
> _Andrew J. Schatkin_
> Andrew J. Schatkin
> Of Counsel
> 350 Jericho Turnpike
> Jericho, NY 11753
> (516) 932-8120